May it please the Court, good afternoon. I am Andy Turner, and I represent 2020 Companies. We're not here fighting the ongoing desegregation battle or the battle in Ricoh. We're here fighting the ongoing battle of class action waivers. This is Naughty Aryan Brotherhood. We're here fighting the ongoing battle of class action waivers. However, in the ongoing battle of class action waivers, we're here on a fairly narrow issue, and that issue is delegation. On gateway issues, the subset of our battle here is over whether there's been a clear and unmistakable waiver, I'm sorry, delegation of the arbitrability decision. In other words, who gets to decide whether class action waivers are to be arbitrated. In this case, we believe that the District Court applied an incorrect legal standard, and that it misconstrued the contract, and that it therefore denied our request for declaratory and adjunctive relief. Well, before we can get to whether you're right or wrong, I want to address your follow-up letter that you sent us on jurisdiction, because none of that will matter, depending on how we come out. Yes, Your Honor. I thought you guys might be interested in the jurisdictional arguments. That was going to be the second important issue I was going to mention. As Your Honor is aware, or Your Honors are aware, we submitted a letter brief on Friday, and we believe that there is jurisdiction for this Court, that the matter is properly before you. As you know, as a general principle under Rule 1292, you can take an interlocutory appeal from the denial of a request for a preliminary injunction, which is where we are. In the — under the FAA, however, the issue is — let me state this correctly — you get to take an interlocutory appeal unless there is an exception that applies. And so we set out the exceptions in our briefing, and as we view this case, none of the exceptions applies. Obviously, it's the injunction on the denial of an injunction. So you're saying we weren't trying to stop the arbitration, we're just trying to stop a class arbitration. It seems to me that may not be the line that is the best interpretation of whatever that subpart is. What do you have to go on that the mere fact that you're not trying to stop arbitration altogether, but are just trying to have a district court enjoin certain aspects of an prohibition in 16B, subpart whatever? Well, it looks like subpart B-4 is the one that would most closely, I think — Very closely. So what's wrong with that one? Well, because in our view, Your Honor, we did ask for — this is the denial. You know, we asked the court — it's similar to a motion to compel arbitration, which has now been denied. We are asking that these arbitrations continue, but that they continue per the terms of the agreement, which under Section 4 of the FAA is a permissible request for us to make. Lawyers do deal in words. I think another way to say what you did is that you want to enjoin any class arbitration. Your Honor, I don't mean to quibble, but we are — you know, as you said, we're all about And we're not trying to enjoin arbitrations. We are, in fact, trying to join them. We want those arbitrations to continue, but we're trying to enjoin arbitrators, not arbitrations, is another way to put that. Well, my colleagues may have other questions, but you don't need to keep — it's not much case law. You didn't come up with much case law, it seems to me. What would you say the most instructive case is that would say your interpretation of this is at least open, if not controlling? Well, I believe it's the statute itself. It's that the — unless we fall within an exception, then we do have a right to an immediate appeal, number one. And then we also cited case law that really somewhat regardless of that particular issue, because the issue is fully briefed and joined, the Court has the discretion to take up the case. And then we also pointed out that in a certain — Do we have discretion under 16b? I believe you have the — If it applies, aren't we barred? Well — If it applies, aren't we barred? If this is, in fact, something we would interpret as refusing to enjoin an arbitration, do we have discretion to take it anyway? I believe the Court has discretion to take that under 1292. Okay. Okay. That's our — That's your position, and you're sticking to it. Well, it is our position. We are sticking to it. We also think it's the correct position. Well, what do you say the other side talking about mootness? I don't know what Crawford is. It sounds like it's one of the arbitrations. Is that — I mean, they said in their letter that this thing was now moot because you have a decision by one arbitrator. Flesh that out for me. What does that decision mean in this case? Well, the — Crawford is one of the arbitrations, and that is an excellent way to put it. You know, this has been an exercise in extreme forum shopping. You know, this case started out as a class action in Florida in court. It was then dismissed voluntarily when we pointed out that there are arbitration agreements. They then filed individual arbitrations, which is exactly what the agreement requires that they do. They then, after the Seventh Circuit veered off from this circuit's opinion in the D.R. Horton and the Murphy Oil cases — Is that a confusing opinion? That's all right. We'll see what the Supreme Court does with that. I thought the Seventh Circuit opinion was confusing, Your Honor. Your opinions were fantastic. But the — so then they filed another court action in Illinois trying to take advantage of the Seventh Circuit. The district court in Illinois appropriately then transferred the case and said it had to be in Tarrant County, Texas, because that's what the agreement requires. In the meantime, all of these individual arbitrations, they file amended arbitration statements requesting to have class arbitrations. So we have all of those arbitrators. Most of those in the interim went sort of in our favor, not on the issue of who should have decided, which we have consistently said under the agreement it should be the court. But they were at least then construing the clause correctly. Even though we didn't think they should have been construing it, they construed it correctly. Until finally we end up with an arbitrator out in California who has gone completely the other direction and has said that misapplying Ninth Circuit law, no less, but deciding to apply Ninth Circuit law instead of the law we should apply, which is Fifth Circuit law under the agreement, and has basically ruled exactly down the line the way the appellee would have. Is that the Crawford? That is the Crawford decision. And so that is now, I think we even provided a copy of that opinion so the court can see the dilemma that we are in. We have a gateway issue. We have a contract that specifies where the gateway issue should be decided, which is in Tarrant County, Texas. And yet we're being thwarted in having that done because of these, just the multiplication of arbitrations that were filed all across the country and where these issues then are being submitted to the arbitrator improperly. There's a reason we wanted Tarrant County to make the decision, and that is so on an issue of enforcement we would have unitary status, if you will. We want one court deciding issues of enforceability, and that's what the agreement requires. And that's what we have, the only thing we've ever said in this case is we want to follow the agreement. And so I submitted an excerpt for you so we can kind of walk through what the agreement requires. Because the issue here, when you get to the delegation issue, the district court applied an erroneous standard. The court basically said if there's any plausible basis to find delegation, then I'm supposed to find delegation. Well, that's not the law. Under the Robinson case from this court, under PEDCOR, the issue is was there a clear and unmistakable delegation of the arbitrability issue? And here the court, the district court, went off on this, well, I find there's at least a plausible basis. But he went even farther than that. He said I find that it's plausible both sides. It's plausible that we're right, that the appellant is right, 2020 is right, and that the court should decide. It's also plausible, this is specifically in his order, a specific holding was he found plausible arguments on both sides. So the problem with that ruling is that the standard is clear and unmistakable waiver. Well, you can't find that both sides have a plausible argument and then also find it's a clear and unmistakable delegation. Wouldn't you say that's a legal issue? I would say that's definitely a legal issue. We look at it de novo, so help us now, regard us under the right standard, what do you say about paragraph 7? I say you have to start at paragraph 2. Paragraph 2 is a non-delegation clause. It specifically says the only disputes and actions excluded from this agreement are. And then if you go down to section E of paragraph 2, so therefore these are excluded, actions to enforce this agreement. So the question is, and then let's go look at paragraph 7. Paragraph 7 says if the employer and employee disagree over issues concerning formation or meaning, it is a limited delegation clause. So under PEDCOR and under Robinson, those clauses were very broad. In fact, they specifically said issues of enforceability will be decided by the arbitrator. We have the opposite here. Issues of enforceability are expressly excluded from consideration under this agreement. I wouldn't call it a particularly narrow paragraph, though, because the word meaning is how do you interpret this arbitration agreement. So meaning to me is a very broad word that's not in a lot of the precedent. Well, at best that creates an ambiguity. Well, meaning has meaning. I hope we can figure out what the word means. And so it's not ambiguous to the extent we can give some interpretation, definition, I'm trying not to be redundant, of the word meaning. Well, yes, Your Honor. But I submit that you can't determine the meaning of meaning without looking at the entire document. And not only this document, but if we will flip back to the second document, which was a companion document that was adopted at the same time as the mutual arbitration agreement. And it's a kind of a laundry list of agreements. Is it in what you gave us? It's on page. If you look at the bottom, you see it says, App. Yeah. App 17. It starts at App 12, but I left out there's a lot of paragraphs that you guys didn't need to see or wouldn't want to. It's not relevant. And so under this agreement, first of all, if we look at paragraph 17, it does incorporate by reference the mutual arbitration agreement. And then if you go to the very next page at 18, paragraph 21. Again, a reference to the mutual arbitration agreement. And then it states any litigation or proceeding that may be brought by either party involving the enforcement of these agreements or the rights, duties, or obligations shall be brought exclusively in Tarrant County, Texas. So regardless of what the meaning of meaning is, the meaning of enforcement is clear. Enforcement actions go to Tarrant County Courts, so whether it's state or federal court there. And enforcement actions are what we have here. We are not here, Your Honor, arguing over the meaning of any of these clauses. The meaning of the class action waivers is very clear. They are arguing that those class action waivers are not enforceable. And an enforcement action belongs in the courts under these agreements. Thank you. Assuming, Arguindo, that we were to agree with you that the enforceability of the class waiver is an issue that the court should have decided, but we disagree with you on the jurisdiction issue, does that just make it to where you mandamus to get the court for closing the case and not deciding? So do we – I mean, I'm just trying to figure out procedurally what happens because it – Procedurally, I believe, is what would have to happen. Procedurally, we would just rule on the jurisdiction and shut up about everything else. If you were to do that, then I would assume the court would have to – I think the case is trying to enjoin the arbitration or, excuse me, to structure the arbitration, correct? I mean, that's – you're the plaintiff. We are the plaintiff. And that's all you're seeking. Well, we're seeking a declaratory judgment that the court declare the rights as it is required to do under both of the agreements I just read. It is the person who should be declaring our rights and obligations under these agreements. And it has. It has not. It has errantly. Well – But it has. Well, it has committed error by applying an incorrect legal standard. Let's say we affirmed our interlocutory appeal, that we have jurisdiction, and we say Terry Means did everything exactly correctly. What happens in district court? We have to go back to the district court, petition to have the – well, just not – it's not a petition, but we would have the case reopened, and then we'd have to move forward with a summary judgment motion or a trial on the merits because right now the case has not been dismissed. It has only been administratively closed. I know, but what's left to decide? Well – What he's decided, what he's decided. I agree with Your Honor on that aspect of it is that if you reach the merits today, then Judge Means would not have to reconsider. Well, but we reached the merits in a sense by saying we have no jurisdiction. I'm just saying if we go that route, then everything Terry's done, Terry Means has done so far, is upheld, or at least is not affected by us. And hasn't he, in effect, resolved the merits of the case? I think he's given a strong clue of how he will resolve the merits of the case once the case is reopened, but the reason why there's a jurisdictional potential snafu here is there's not a final order, and so we don't think we need a final order. We think we were allowed to take an interlocutory appeal. We would have to go ask the court to reopen the case to enter a final order from which we would then have to be back here arguing these same issues. That really gets to the point of the case that we cited in our brief, which is these issues really are fully briefed in terms of the merits, and so rather than go through that machination, I believe the court can exercise jurisdiction to decide that. But if you uphold Judge Means, that doesn't mean this case is over. That means we have to go back then and get a final order and come back, theoretically. Final order from Means? Yes, Your Honor. If you were to determine that we were not allowed to take an interlocutory order, which we think we are, but if you find that we were not, then we would need to go back and have a review. You have to get a final order that's appealable or else you have to mandamus for some reason, if there's some basis for that. Those are the only options. Is that right? Well, I don't know that mandamus would be the—I don't believe that would be necessary. If the court were to find that you don't have jurisdiction, all you're finding right now is there was no jurisdiction for the interlocutory order. Right, but I mean instead of just getting the case dismissed before you— Well, isn't one option for us to simply affirm the district court and that this is not a federal court question, it's an arbitration question? I believe that what Your Honor is suggesting is reaching the merits, and we do believe you should reach the merits. We do not believe you should find that a correct legal standard was applied, and we do think that this is a gateway issue which clearly should have been decided by Judge Means. Judge Means— So you're talking about as if this is some sort of preliminary order by Judge Means. It seems to me he has resolved what you brought before him, which says, I'm not going to stop the arbitration. That's all you've asked for here. Arbitration gets to go forward. Now, and consequently we either affirm that or say we don't have jurisdiction. If we do either one of those, I'm still not sure. You talk about summary judgment or get a better looking document that says judgment on it rather than whatever it says now. But he has given all the relief or denied all the relief that you requested, not on a tentative basis, but I need to look back at it again. Tell me why it's tentative and needs to be—because he basically said get out of here. I'm not going to stop the arbitrations. Well, we would still be entitled to declaratory relief, a final order on declaratory relief that would then be appealable so that on the long game, we would be able to enforce our agreement as appropriate. Right now, we are taking an appeal from the denial of a preliminary injunction. That is an interlocutory order, which we believe we have a right to take. If the court upholds the denial of a preliminary injunction, then according to Judge Means, I don't know if you saw this order that we attached, but he administratively closed it and it just says the right to reopen this case shall continue until 30 days after the conclusion of the appeal. The posture of this order from Judge Means was that because I would like to hear what the Fifth Circuit has to say on appeal before I decide that. He wants the interlocutory appeal to be resolved so he can rule appropriately on the motion to dismiss. Exactly. Based upon how we would rule. And if we decide we do not have jurisdiction to hear this appeal because of the— Because of the FAA. Yeah. Then that's it. Well, that's it here, but I think that we still would reopen the case below and then go get a final order because at that point the only reason you would have denied the appeal was because you said the interlocutory order was not appealable. Because it's interlocutory. So you would make it not interlocutory anymore, and then we would have the right to hear the appeal on the merits issue as to whether or not the enforceability of the class waiver is an issue for the court or an issue for the arbitrator. We would have that issue cleanly and straightforward in a final judgment or a finally dismissed case or whatever is sent to arbitration in whatever capacity, but it would be ready for the appeal. Yes, Your Honor. If it were not ready today, although you think it's ready today. We believe it is ready today, and it is certainly fully briefed. The issue is not going to change at all between now and when we could be back here, but yes, that is where we find ourselves. This is quite a litigated matter. Yes, it is. I wonder if the other side has anything to say. Should we hear from them? Yes, we should. Thank you. May it please the Court. Good afternoon, Your Honors. Can you start there? Yes. So with regard to the jurisdictional issue, as we put in our supplemental brief, I think for at least two reasons. The Court lacks jurisdiction over this appeal. I think as Judge Meade's order denying the preliminary injunction made clear, there were two things that the plaintiff, I'm sorry, that the appellant sought to enjoin in his motion for preliminary injunction. One was they sought to enjoin any of the defendant appellees from arbitrating their claims against 2020 as a class. And the second thing was they sought to enjoin the right to ask an arbitrator rather than a court to determine whether or not the arbitration agreement at issue permits class arbitration. Based on that, and obviously we're here because Judge Meade's denied that motion which sought solely to enjoin the arbitrations, as Judge Southert pointed out, the clear letter of the law of the statute says that this is a non-appealable issue. Counsel, you don't have to give me a much better argument than he does as far as case law. The statute merely says cannot appeal from an order denying an injunction. Is that what, to enjoin an arbitration, is that what this is? Yes. Yes? But no. I mean, what do you have other than the language of the statute? And if it's only the language of the statute, why is it so clear that just trying to shape how the arbitration is conducted and making it conform with what he says is the proper arbitration agreement language, why is that really enjoining an arbitration? Well, I think we have to start with what, you know, what are we here for? We heard by pleasant counsel say this doesn't concern a bunch of things. And I would start the same way and say this is not about class action waivers. It's certainly not about a gateway issue the way that the Fifth Circuit has repeatedly defined what a gateway issue is. It's also not, and this is critical, this is not an action to enforce anything. Enforcement actions, and this Court has made clear over and over and over again, enforcement actions, when you're talking about in the context of an arbitration, that means is there an arbitration agreement, one, and, two, does the issue at bar fall within the scope of the arbitration agreement? That's not the issue that we have here. We have class arbitration, whether or not it's permitted and who decides that. Those are the two issues that are involved in the arbitration, that were involved in this case, that we're sought to enjoin. Kennedy. Isn't it wrong that Judge Means just said that this is, in so many words, said this is an issue for the arbitrator to decide, not the court? I think that's correct. And that's been appealed to us, and one possibility is for us simply to affirm that, and then the arbitrator decides the issue of class arbitration. And I believe that that's appropriate here. I think that's similar to the context of a case that you heard, the Forsyth case, and there's not that many cases on this statute. But the predecessor statute, which is, I believe, 9 U.S.C. Section 15b, had similar language to the statute that the Court asked us to submit the supplemental briefs regarding. And the Forsyth case discussed the fact that, like the situation we have here, an interlocutory order which directs or permits arbitration to proceed, so I guess it's a converse of what we have here, that that's also not appealable. And that is what, in effect, has happened here. Kennedy. The exchange we had towards the end of the previous argument had to do with the fact that Judge Means only denied a preliminary injunction. But it seems to me that what 9 U.S.C. 16b says, there is no appeal from an interlocutory order refusing to enjoin an arbitration. So if, whatever we do, affirm or, for that matter, say there's no jurisdiction, all we're affirming is the denial of a preliminary injunction. And if there's a denial of a permanent injunction, which is normally the next step in one of these, that is a final order not subject to 9 U.S.C. 16b, and that could be appealed. Correct me. I think that's correct. I think that works in tandem with the other reason why we think that the Court lacks jurisdiction, which is that the Crawford order, which has now granted the specific – both of the specific reliefs. In one particular out of 18 arbitrations? Yes. But the class – this is not a case where there's going to be multiple class arbitrations. That happened to be the first arbitration where there was a finding that the case can proceed as a class. Where everything collapses in California in the Crawford arbitration? Yes. It will be consolidated into that case. Yeah. It seems inappropriate for us to decide that, that it's moved because of that, because that's really delving into what the arbitrator considered and whether or not that takes care of everything. And that's very much the prerogative of the arbitrators as to whether or not that's binding on these other people and all of that. If it is indeed taking your position that it's proper for that to be an arbitration, it's not appropriate for us to use our power to say that it's moved because of that. That's not – that's us being involved in the arbitration. Respectfully, Your Honor, I think the context of what this case sought to do, which was to stop the 18 people who had individual arbitrations from seeking this relief that has now been granted in the Crawford arbitration, that's why I say – and it may not change your opinion or what you just said. The scope of what the Crawford arbitration stands for is not for us to analyze. That's for the arbitrator to analyze, the scope of that, once they get the case back, I mean, I would assume, or once it keeps going down the road. They're not getting it back. They're progressing down the road. But I don't understand how we can decide the case on the merits, as you answered Judge If we don't have jurisdiction, it's not appropriate. Even if it makes it cumbersome and makes this whole appeal have double briefing or whatever, we have to just rule on the preliminary injunction jurisdiction point. In your – the way you've asked us to rule, perhaps. I don't disagree with you, Your Honor. And then we don't decide to affirm. We don't – we can't affirm. Obviously, my preference would be that we get an affirmance, which I think would be correct here. But you just told us we don't have jurisdiction. You can't take both. You said your positions are somewhat in tension. I totally – I understand what you're saying, and I agree. Obviously, if you don't have jurisdiction, you can't make a ruling on the merits. I do think that the – We disagree with him. Then you get – yeah, okay. But you understand that the jurisdiction has to come first. Absolutely. Absolutely. And I think that's what I tried to address in my letter brief. Although I did see in researching that issue several cases from this court where the court discusses it's not exactly clear. Do you have jurisdiction? Do you not have jurisdiction? Well, we're going to take it up, even though discussing the jurisdictional issue in the same way, the same nature that we've just had this discussion, and then saying, assuming that we do have jurisdiction, affirmed. I have seen – I saw several of those. I think the Forsyth case, which is cited in both parties' papers, that that was such a case where there was this kind of discussion about, do we have jurisdiction? Here's why we might. Here's why we might not. Assuming we do have jurisdiction, affirmed. And obviously, that would be our ultimate preference. If we could choose, you know, if I could write the opinion myself, that's what I would want. But I certainly understand what you're saying, Your Honor. It's good to know what you'd want. It's good that some people stand up before us and they don't even tell you what they'd want in the opinion. So that's a good thing. Counsel, let me ask you about this language and the ramifications of it. You each are arguing off the same language on jurisdiction. I know you have – you get some other points, but let's try to at least respond to this. What is the effect if we hold either way? If we say refusing to join an arbitration, appeal may not be taken from a non-electoral order, refusing to join an arbitration. If we apply it to this, what effect does that have? I mean, what's the bigger picture? And if we don't apply it to this, I'm asking you to cover all the waterfront. I guess the bigger picture in this case is I don't know that it's going to have such a huge effect. Although, for the reasons I discussed before, as Judge Elrod said, it's probably not proper for the Court to delve into that. Of course not. With regards to this case, as far as what the effect is going to be. I'm talking about the meaning of this particular statute. But I think with regard to how many permutations are there to refusing to join an arbitration that might be caught up if we say that refusing to shape an arbitration, which is basically what I think this was. I mean, this other language is a way to put it, that that's covered by 16b-4 or is not covered by 16b-4. I'm just trying to think of, I mean, from your knowledge of arbitrations and working in it, what other permutations of that sort of thing might there be? I know that this is a — I hesitate to say this because I know this issue has been — a related issue has been at this Court several times in the last few years regarding the who-decides issue and shaping arbitrations. But the law in this circuit, as started by a decision that was authored by Judge Wiener, the Ped Court case, is the strongest of any of the circuit courts anywhere that the who-decides decision, and to use your language, Your Honor, the shaping the arbitration or the procedural issue of how it proceeds, that is indelibly — it's axiomatic in this jurisdiction that that is an issue for the arbitrator and not for the court. So I don't know that this is going to be — or it shouldn't be an issue that arises again and again. I know it does, and the courts — this Court said the same thing over and over again. It said it most recently last year in Robinson, which is a case that both of the sides have discussed. But the shape of the arbitration and who decides whether it's a class arbitration or has to proceed individually, that is an issue for the arbitrator. So I think to the extent that it comes up again, it's proper that the court shouldn't have to decide it again and again, because it keeps coming up and the court's made it clear again and again that's an issue for the arbitrator, especially in the circumstances here where you have this broad arbitration agreement that refers all issues between the parties to arbitration. Well, that's an issue. Is it broad or not? The district court seems to think it's — and Robinson gives some gloss on PEDCOR, some helpful analysis in light of the Supreme Court's intervening opinion that says PEDCOR is the law, but gives us some — says that PEDCOR does not mean that every time it goes to the arbitrator. But the question is if it's broad but not — but ambiguous what happens, because the district court says, you know, it could go either way, there's some arguments on either side, and then it's not a clear intent to have the question of arbitration. It has to be a clear intent. If it's an ambiguous intent, then Robinson would cut in favor of the court deciding. And I would answer your question, Your Honor, this way. I think that there's three different grounds under which this court repeatedly finds that class arbitrability is an issue for an arbitrator and that it's clear from certain types of language in arbitration agreement. All three types of language are here. So even if the court were to find that it's not so certain that it's a broad arbitration clause, despite the fact that the clause says — literally it says all issues between the parties, there's also the fact that it explicitly incorporates the AAA's rules and, as this Court has said, that meaning also the AAA's supplemental rules. And I know, Your Honor, in your Petrofat case, reaffirmed the finding, the prior finding of a prior court, prior panel of this Court, that the AAA's inclusion, language including or referencing the AAA's rules itself, that evinces the party's intent clearly that an arbitrator will decide issues of arbitrability. And obviously in this context, that would be class arbitrability. And I think also there's also the delegation clause. The delegation clause in the agreement says that the arbitrator is to decide all issues of arbitrability. And I don't know how much more — in my experience, I have rarely seen arbitration clauses that have any more clear language that could be read any more broadly. And if there's any dispute about the meaning — and again, we may dispute what it means, but if we do — and that is what we have here, is that the parties do dispute the meaning. Well, is the issue of class or sole plaintiffs a question of arbitrability? And that's a great question, Your Honor. It's a misnomer to call it an issue of arbitrability because it's not a gateway issue of arbitrability. So I know we've referred to it in our papers repeatedly as class arbitrability, but I think the term arbitrability standing alone typically, although not always, is really this gateway issue about is there an arbitration agreement, and then two, if there is, does it encompass this dispute? That's usually what's referred to when courts have referred to arbitrability, these type of gateway issues. That's not what this is. These cases came to the Court before Judge Means. In the first instance, they were already all — all 18 of them, all of the defendant appellees had pending arbitrations at the time that 2020 filed a case which it called in part a case seeking to compel arbitration. But that doesn't make any — and if it truly were an issue about compelling arbitration, that is arbitrability as I understand it. Class arbitration is a whole different thing. It's referred to as arbitrability, but that's not — No one is denying that there's arbitrability. It's whether it can be done individually or as a class. Right. And as Judge Southwick said, I think that's more of a shaping the arbitration issue rather than this — the initial arbitrability issue. It doesn't belong in arbitration. Shaping the arbitration is an issue for the arbitrator. Correct. That's certainly what I — what our position is, and I think that this Court's longstanding jurisprudence strongly supports that position. And to your point, the point that they make about why we have jurisdiction is exactly that point, that there's not a dispute on arbitrability. They agree that it's arbitrable. That's sort of a friendly question. But what do you say to opposing counsel's position that other cases like Art Robinson itself, where they use terms like enforceability and validity expressly, and this doesn't use those terms? I think it's — I understand that. I think it just happens to be that those clauses had — they didn't separate enforcement from meaning and arbitrability like we have here. But I don't think that that's a difference of any significance because this issue that's before — class arbitrability is not an issue of enforcement. And this Court's made very clear what enforcement is. Enforcement is just do you go to arbitration or is it not? Do you not go to arbitration? Once you're there, that's no longer enforcement. And so I don't think it's significant that — and I know 2020 disagrees, but I don't think that the fact that enforcement actions are supposed to go before the court in Tarrant County is really a matter of significance here. And I think to the extent Judge Means said that this wasn't a clear issue, I think he possibly misapplied the law in that respect because I think this Court has — and it's not just one instance. It's time and time again where the courts discuss what enforcement means in the context of arbitration, and it doesn't mean the enforcement of specific provisions within the arbitration agreements. It just means do you go to arbitration or is it not an arbitrable — arbitrability? Whatever. Is it not subject to arbitration in the first place? I'm sorry. Tough word for me. Well, counsel, it sounds to me as if you both agree that Judge Means applied the wrong legal standard in deciding what happens if the provision is unclear. But you have a different response to that. But I just heard you say that Judge Means may not have used the right standard. Are you talking about when he was discussing that I could read this either way? I think just to the extent that he said it's in any way a close call, which is what I'm paraphrasing. But I don't think he really said his language as strong as what 2020's counsel referred to. But I think to the extent that there's any — anything to hang on to for whatever the hang their hat on, it would have to be this enforcement provision. And that's why counsel for 2020 did discuss the enforcement provision when he came up here and walked the Court through the mutual arbitration agreement. But absent the enforcement provision, which has no applicability to the issue of BOR, this class arbitration issue, there's nothing here from which Judge Means could possibly have concluded anything other than what he did. You have a broad clause. You have a delegation clause, which specifically delegates issues regarding the meaning of the agreement and regarding arbitrability, all such issues, to the arbitrator and not to a court. And then you have the reference and the specific and explicit incorporation of the AAA's rules. Any one of those things, this Court has repeatedly found, would support a finding that the arbitrator and not a court has to decide this class arbitration issue. Here we have all three. So I don't know that there could ever be a case where there's a stronger argument of a clear intent that the arbitrator decide this issue. You have anything that any case ever talks about, you have every piece of it here. I think we have your argument. Thank you, counsel. Thank you. You've saved time for rebuttal. I just wanted to put to bed the issue of what Judge Means and the district court ruled on this issue of he found there to be plausible arguments on both sides. At page 4 of his opinion, which is in the record at page 693, after saying that he found it plausible, I'll just read the whole thing. The court concludes that it is plausible and not wholly groundless that paragraph 7 covers the party's dispute. That is whether class arbitrations are permissible under the MMA. The court also concludes that it is likewise plausible that paragraph 7, when read in the context of the entire MMA, which is what I've been asking the court to do, does not cover the party's dispute. However, under the law of this circuit, whenever the scope of the arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. That is an incorrect legal statement. That is not the law of this circuit. And he very clearly believed that there was equipoise, that both readings were plausible. He specifically concludes such. And then he cites an incorrect legal standard. If the court were to rule that the district court applied an erroneous legal standard and sent it back to him and said, no, the standard is clear and unmistakable evidence of delegation, which is the clear standard in this circuit, then based upon this reading right here, he would have to change his opinion as to. What is our jurisdiction to make that ruling? Well, I don't have anything to add to what we said earlier on the jurisdictional argument. I believe you have jurisdiction because, as we said, we do not believe. This is an odd duck. I'm agreeing it's an odd duck, but it does not fit within the exception under FAA Section 16-4-D. And it doesn't, it obviously doesn't fit under any of the other exceptions. Counsel, is there any case law on whether these exceptions should be read broadly or narrowly to affect some sort of purpose? No. I am not aware of any. We haven't found anything. I'm not aware of any law that discusses that. But in the interest of judicial economy. Jurisdiction doesn't trump jurisdiction. Well, you do have. You have to decide jurisdiction regardless of your merit to your policy arguments. Well, as we said in our letter brief, we think that there is an opportunity. The Court has exercised jurisdiction in close calls where the matter is fully presented and there would be an economical reason for finding that. And we have that case here because this, the legal arguments are not going to change. This would be a perfunctory, you know, again, machination. I wouldn't tell the next appellant don't appeal after a preliminary injunction in an arbitration case. So there is that lesson learned for the, not that you would have known, this is a little bit ambiguous, maybe, maybe not. But if we don't, then all of a sudden this exception, if we decide that's what this jurisdictional rule means but we don't apply it here, then it has no meaning anymore. It doesn't stop an appeal from a preliminary injunction, a denial of a preliminary injunction. Another thing that I think is important here is, again, the posture of the case. We asked for an injunction against the arbitrators, but we also asked for the arbitrators to compel under Section 4 of the FAA, we are entitled to an order compelling arbitration in the manner provided in the agreement. We asked for that and were denied that. So what we have right now, which I just don't see how it can be argued any other way, is we have an arbitration that is proceeding in a manner not provided for in the agreement because we are being forced into a class arbitration. So we've got all the Stolten-Nielsen line of cases, the suitor against Oxford Health. All of those say we cannot be forced into an arbitration that we did not agree to participate in. And we have six ways to Sunday said we're not going to participate in a class arbitration. There is no authority of an arbitrator to make that ruling, although he did find one to do so. Thank you, counsel. We have your argument and this case is submitted. Thank you.